# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONOVAN VINCENT REIFF, **Plaintiff,** | : : : | CIVIL ACTION |
| v. | : : : | |
| DOUGLAS CONRAD, **Defendant.** | : : | NO. 18-849 |

FILED

MAR - 2 2018

## MEMORANDUM

**TUCKER, J.**                                                                       FEBRUARY 28, 2018

Plaintiff Donovan Vincent Reiff brings this action pursuant to 42 U.S.C. § 1983 against Douglas Conrad, an Assistant Public Defender assigned to represent Mr. Reiff in criminal proceedings. Mr. Reiff seeks to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Reiff leave to proceed *in forma pauperis* and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. FACTS

A review of public dockets reflects that Mr. Conrad is a public defender who was assigned to represent Mr. Reiff in connection with criminal charges brought against him in the Lancaster County Court of Common Pleas. *See Commonwealth v. Reiff*, Docket No. CP-36-CR-0003216-2012. Mr. Reiff pled guilty in that case. *Id.* In the instant civil action, Mr. Reiff brings claims against Mr. Conrad pursuant to 42 U.S.C. § 1983 for "inadequate assistance of counsel due to the lack of [funding] of the public defenders office." (Compl. at 2.) He seeks $3,500 for every day he spent in jail and "immediate release." (*Id.*)

1

## II. STANDARD OF REVIEW

The Court grants Mr. Reiff leave to proceed *in forma pauperis*.[1] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As Mr. Reiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

"[A] suit under § 1983 requires the wrongdoers to have violated federal rights of the plaintiff, and that they did so while acting under color of state law." *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995). Mr. Reiff cannot state a constitutional claim against Mr. Conrad because Mr. Conrad is not a state actor for purposes of § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.") (footnote omitted); *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Accordingly, the Court must dismiss the Complaint for failure to state a claim.

Furthermore, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, if Mr. Reiff seeks release

---

[1] As Mr. Reiff is a prisoner, he is still obligated to pay the $350 filing fee in installments in accordance with the Prisoner Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

from custody, he must file a *habeas corpus* petition after exhausting state remedies. *See* 28 U.S.C. § 2254.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Mr. Reiff's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). As Mr. Reiff cannot cure the defects in his claims, amendment would be futile. An appropriate order follows.